## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Glen K. LaConey, | ) | C/A No. 3:11-2171-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| The Honorable Alison Renee Lee, in her official | ) | |
| capacity as Chief Administrative Judge for the Fifth | ) | |
| Circuit Court of Common Pleas; and | ) | |
| Lori Pelzer, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

Glen K. LaConey ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.  The Complaint should be dismissed for failure to state a claim on which relief may be granted and based on immunity.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).  The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  To protect against possible

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Background</u>

Plaintiff filed this action, and a separate but factually related action, on the same day in this Court.[2]  *See* Complaint, *LaConey v. Strickland*, C/A No. 3:11-2170-CMC-JRM (D.S.C. Aug 17, 2011), ECF No. 1 ("*LaConey I*").   In this action, Plaintiff alleges that he is owed monies from Defendant Lori Pelzer, an officer of Home Assist Real Estate, LLC, pursuant to judgments entered in the South Carolina Court of Common Pleas.[3]  Plaintiff alleges that he has attempted for several years to have supplemental proceedings in state court against Defendant Pelzer in order to obtain monies owed to Plaintiff.  Plaintiff alleges that the state judgment at issue in this case expires on March 31, 2013.  Plaintiff alleges that the Honorable Joseph M. Strickland and the Honorable James R. Barber, III, both named as defendants in *LaConey I*, entered certain wrongful orders in Plaintiff's civil cases in the state court.   For example, Plaintiff alleges that in one case Judge Strickland dismissed the matter with prejudice on January 7, 2008, without notice to Plaintiff, and that Judge Strickland's action was without jurisdiction.   Plaintiff alleges that he filed a motion for disqualification of Judge Strickland on May 1, 2009, and that Judge Strickland filed an order of recusal on May 5, 2009.  Plaintiff alleges that on August 6, 2009, Judge Barber set Plaintiff's matter for a hearing before Judge G. Thomas Cooper, Jr., but Pelzer failed to appear.  Plaintiff alleges that on April 5, 2010, he filed a motion to vacate Judge Strickland's Order of dismissal with prejudice, but Plaintiff's motion has not been heard.  Plaintiff alleges that on April 22, 2010, he filed a motion

---

[2] It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3] Plaintiff seems to refer to judgments entered in the Fifth Circuit Court of Common Pleas, which he refers to as Judgment Roll No. 258732 and Judgment Roll No. 247572.

for supplementary proceedings and delivered it to Judge Cooper, but Judge Cooper has failed to rule on the motion and "[n]o successor judge has been assigned, and no final order has been filed." Plaintiff alleges that on June 28, 2010, Judge Barber filed a "Judgment" which ruled that Judge Strickland's prior dismissal with prejudice was "the law of the case" because it had not been appealed.

With regard to Defendant, the Honorable Alison Renee Lee ("Defendant Lee"), Plaintiff alleges that on July 2, 2010, he mailed a letter with attachments to Defendant Lee to seek supplementary proceedings in aid of judgment. Plaintiff alleges that Defendant Lee responded to him by letter dated July 15, 2010, wherein she stated that she was reviewing the record for any appropriate action. Compl. Attach. 3. Plaintiff alleges that on February 25, 2011, he mailed to the (state) Clerk of Court a proposed order of reference for appointment of a special referee, but no action has been taken in furtherance of the matter. Plaintiff alleges that on June 3, 2011, he filed a motion for disqualification of Judge Strickland and for order of reference for supplementary proceedings, but that Defendant Lee has not ruled on that motion.

Plaintiff alleges that he has no adequate remedy at law. Plaintiff alleges that he has a constitutional right under color of law to execute his judgments in the state court cases and that he is entitled to an order for supplementary proceedings. Plaintiff seems to allege that because Judge Strickland has recused himself, Judge Cooper is unable to proceed, and no final order has been filed in his state court cases, Defendant Lee has a duty to appoint a special referee to conduct supplementary proceedings and that, by failing to do so, she has violated Plaintiff's constitutional rights. Plaintiff requests a declaratory judgment in this action and seeks the following declarations: Plaintiff is entitled to an order for supplementary proceedings; Defendant Lee has a ministerial duty,

4

and that she breached the duty, to issue an order of reference to a special referee for supplementary proceedings; Defendant Lee has deprived Plaintiff of his constitutional right to execute on his judgments; Plaintiff's right to an order for supplementary proceedings was previously unavailable in the state court cases; and that Plaintiff is entitled to an injunction.  Plaintiff requests an injunction to command Defendant Lee, or the successor Chief Administrative Judge for the Court of Common Pleas for the Fifth Judicial Circuit for Richland County, to issue an order of reference to a special referee for supplementary proceedings in the state cases.

<u>Discussion</u>

The crux of the Complaint is that allegedly Defendant Lee has failed to take judicial actions in Plaintiff's state court cases, which thereby prevents Plaintiff from being able to execute on his judgments against Defendant Pelzer.  Plaintiff alleges that Defendant Lee, in her role as the Chief Administrative Judge for the Fifth Judicial Circuit, must enter an order to refer his cases to a special referee to conduct supplemental proceedings against Defendant Pelzer.  Prior to Defendant Lee's involvement with Plaintiff's state cases, Plaintiff alleges a series of events related to his attempts to execute on his state court judgments.  Plaintiff alleges that one of the state cases, wherein he seeks to execute on the judgment, was dismissed with prejudice on January 7, 2008, by Judge Strickland. Plaintiff alleges that he filed a motion to vacate that order of dismissal with prejudice, but that his motion has not been heard.  Plaintiff further alleges that Defendant Lee has failed to rule on Plaintiff's June 3, 2011, motion for disqualification of Judge Strickland and for order of reference and for supplementary proceedings.  It appears to this Court that most of Plaintiff's requests in this action are in the nature of seeking a writ of mandamus against Defendant Lee, which is a "writ issued by a superior court to compel a lower court or a governmental officer or body to perform

5

mandatory or purely ministerial duties correctly." <u>Black's Law Dictionary</u> 980 (9th ed. 2009). This Court, however, does not have jurisdiction to order state officials to take certain actions or to review state court orders. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, No. 08-1788, 2008 WL 5207317, at **1 (4th Cir. Dec. 12, 2008). Moreover, a writ of mandamus is issued only in the rarest of circumstances, and it is a drastic remedy. *In Re: Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007); *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004). Plaintiff in this case has other adequate means to correct any inappropriate actions or failure to act by Defendant Lee – appellate review in the South Carolina courts. Further, a motion for writ of mandamus filed in the South Carolina Supreme Court against a judge may be appropriate in very limited circumstances. *See City of Rock Hill v. Thompson*, 563 S.E.2d 101, 102 (S.C. 2002) (the Supreme Court could direct a judge to rule on a pending motion). Accordingly, to the extent this action seeks a writ of mandamus against Defendant Lee, it should be dismissed for failure to state a claim on which relief may be granted.

Additionally, Defendant Lee is subject to dismissal based on judicial immunity from suit. Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "'This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (citation omitted). State and

federal judges are also immune to requests for injunctive relief. *See Wise v. United States*, C/A No. 6:09-1376-HFF-WMC, 2009 WL 3052608, at *4 (D.S.C. Sept. 23, 2009), *aff'd*, 367 Fed.Appx. 412 (4th Cir. Feb. 25, 2010); *see also Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer). Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Defendant Lee's alleged failure to act on Plaintiff's motions is not alleged to be in the clear absence of all jurisdiction, and ruling on a motion is an act within a normal judicial function. Thus, Defendant Lee should be summarily dismissed based on judicial immunity.

With regard to Defendant Pelzer, she should be dismissed because she did not act under color of state law. A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that Pelzer, a private citizen, has been defrauding Plaintiff and refuses to pay Plaintiff monies owed by Pelzer. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Although many factors may be considered in determining whether state action is present, no single factor is determinative and the "totality of the

circumstances" must be evaluated.  *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341-43 (4th Cir.2000).  In this case, the factual allegations do not tend to show that Defendant Pelzer's actions could be deemed state action.  In other words, it may not fairly be said that Defendant Pelzer was a state actor.  Thus, as to Pelzer, this case fails to state a claim on which relief may be granted under 42 U.S.C. § 1983.

<u>Recommendation</u>

It is recommended that the District Court dismiss this action *without prejudice*.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

September 21, 2011
Columbia, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).